IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SHANE MATTHEW McKINLEY, | ) | |
| | ) | |
| Plaintiff, | ) | 8:09CV222 |
| | ) | |
| v. | ) | |
| | ) | |
| OMAHA POLICE DEPARTMENT, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |

Plaintiff filed his complaint on July 6, 2009 (Filing No. 1). Plaintiff has previously been given leave to proceed in forma pauperis (Filing No. 6). The Court now conducts an initial review of the complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I.   SUMMARY OF COMPLAINT

The complaint was filed on July 6, 2009, against the Omaha Police Department ("OPD")(Filing No. 1 at CM/ECF p. 1). Plaintiff is currently confined in the Douglas County Correctional Center in Omaha, Nebraska. (*Id*. at CM/ECF p. 2.)

Plaintiff alleges that two OPD officers used excessive force during his July 8, 2008, arrest. (*Id*. at CM/ECF p. 6.) Specifically, plaintiff alleges that the two officers "kneed" him in the head, drove his head into the ground and choked him out. (*Id*. at CM/ECF pp. 8-9.) Because of these acts, plaintiff's face was disfigured and he has "ongoing" pain. (*Id*. at CM/ECF p. 10.) Plaintiff seeks monetary damages in the amount of $500,000.00.

(*Id*.)  Plaintiff also asks the Court to "punish" the two OPD officers who "beat" him.  (*Id*.)

## II.   APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. §§ 1915(e) and 1915A.  The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted.  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted).  Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).  However, a pro se plaintiff's allegations must be construed liberally.

*Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

**III. DISCUSSION OF CLAIMS**

Plaintiff names OPD as a defendant in this matter (Filing No. 1 at CM/ECF p. 1). The Court construes claims against OPD as claims against the City of Omaha. As a municipal defendant, the City of Omaha may only be liable under section 1983 if its official "policy" or "custom" caused a violation of the plaintiff's constitutional rights. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir. 1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). To establish the existence of a governmental custom, a plaintiff must prove:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking

>                    officials after notice to the
>                    officials of that misconduct;
>                    and
>
>             3)     That plaintiff was injured by
>                    acts pursuant to the
>                    governmental entity's custom,
>                    i.e., that the custom was the
>                    moving force behind the
>                    constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, plaintiff does not allege that there is a continuing, widespread, persistent pattern of unconstitutional misconduct by OPD's officers, or that OPD's policymaking officials were deliberately indifferent to or tacitly authorized any unconstitutional conduct by the officers.  In addition, plaintiff does not allege that an unconstitutional custom was the moving force behind his injures.  Accordingly, plaintiff has failed to allege sufficient facts to "nudge" his claims against OPD across the line from conceivable to plausible under the *Jane Doe* standard.

However, the Court will permit plaintiff 30 days in which to amend his complaint to sufficiently allege a claim against OPD in accordance with the *Jane Doe* standard.  Any amended complaint shall restate the allegations of plaintiff's prior complaint (Filing No. 1), and any new allegations.  Failure to consolidate all claims into one document will result in the abandonment of claims.  If plaintiff fails to file an amended complaint in accordance with this memorandum and order,

plaintiff's claims against OPD will be dismissed without prejudice for failure to state a claim upon which relief may be granted. Accordingly,

IT IS ORDERED:

1. Plaintiff shall have until **September 14, 2009,** to amend his complaint and clearly state a claim upon which relief may be granted against defendant OPD, in accordance with this memorandum and order. If plaintiff fails to file an amended complaint, his claims against defendant OPD will be dismissed without further notice for failure to state a claim upon which relief may be granted.

2. In the event that plaintiff files an amended complaint, plaintiff shall restate the allegations of the current Complaint (Filing No. 1), and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

3. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on **September 14, 2009.**

4. Plaintiff shall keep the Court informed of his current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice.**

DATED this 14th day of August, 2009.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court